Matter of Morgan (Warren County--Commissioner of Labor) (2021 NY Slip Op 01110)





Matter of Morgan (Warren County--Commissioner of Labor)


2021 NY Slip Op 01110


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

531418

[*1]In the Matter of the Claim of Ilana Morgan, Appellant. Warren County, Respondent. Commissioner of Labor, Respondent.

Calendar Date: January 14, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Luibrand Law Firm, PLLC, Latham (Kevin A. Luibrand of counsel), for appellant.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (John D. Wright of counsel), for Warren County, respondent.



Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 6, 2019, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant worked as a legal assistant in the Warren County Attorney's office for approximately three years, administering the real property foreclosure process. In December 2018, the employer brought nine disciplinary charges against claimant, alleging, among other things, that she had improperly used her position to pursue the purchase of real property scheduled for foreclosure and that claimant had failed to disclose her interest in a parcel of real property, leading the employer to enter an installment agreement with the former real property owner that provided financial benefit to claimant. Following a Civil Service Law § 75 hearing, the Hearing Officer recommended a finding of guilt on eight of the nine charges. Mary Kissane, the County Attorney, accepted the Hearing Officer's recommendation and terminated claimant's employment.
Denying any wrongdoing, claimant applied for unemployment insurance benefits and her application was initially granted on the ground that there was no evidence on file that she had been found guilty of misconduct. The employer objected and requested a hearing, arguing that it had provided the details of claimant's disciplinary charges. Following a hearing, an Administrative Law Judge (hereinafter ALJ) overruled the initial determination. The ALJ found that it was bound by the Hearing Officer's factual findings under the doctrine of collateral estoppel. Based on those findings, the ALJ independently concluded that claimant was disqualified from receiving benefits. The Unemployment Insurance Appeal Board upheld the ALJ's decision, reasoning that the Hearing Officer made findings of fact and that it was bound by those findings. Claimant appeals.
As an initial matter, we note that claimant commenced a CPLR article 78 proceeding challenging the determination terminating her employment (Matter of Morgan v Warren County, ___ AD3d ___, ___ [appeal No. 530740, decided herewith]). In that appeal, we annulled the determination due to the Hearing Officer's failure to make sufficient factual findings to enable intelligent judicial review. Because the Board's determination was predicated upon factual findings that we have deemed to be insufficient, the decision herein must be reversed, and the matter remitted. In view of our determination, claimant's remaining arguments are academic.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.